Fiedler *v.* Darrin.

ERNEST FIEDLER *vs.* HENRY A. DARRIN AND MARGARET DARRIN.

In an action of ejectment, it-was proved that, in June, 1867, the legal title to the premises was in F., to whom they had been conveyed by W., in August, 1866, although he (F.) had executed a deed of the same, in October, 1866, with the name of the grantee in blank, which he had delivered to D. for his (D.'s) wife. The premises were subject to a mortgage for $3200, given by F. to W., and by W. assigned to the plaintiff. In June, 1867, D. applied to the plaintiff for a loan of $1500, offering $150 for the use of it for three or four months. The plaintiff refused the application. It was finally agreed that he should *buy* the property, and should agree with Mrs. D. to sell it to her, in case she should pay within three months. Accordingly, the plaintiff's name was inserted in the blank, as grantee in said deed, and F. re-acknowledged the deed, and the same was delivered to the plaintiff, who gave his check for $1500. The same day an agreement was executed by the plaintiff and Mrs. D., by which the former agreed to sell, and the latter agreed to buy the property for the price of $5650, $1650 in cash on the 24th of October, 1867, and $3200 by bond and mortgage ; and that in case she should fail to comply with the terms of sale, on the day specified, the agreement should "be null and void."

*Held* 1. That the conclusion of the referee, that the plaintiff was a mortgagee, and therefore could not maintain ejectment, was erroneous.

2. That the plaintiff was something more than a mortgagee ; that he was a trustee, at least of the title, substituted in the place of F., with the rights of a purchaser, to the extent of his mortgage of $3200 and the $1500 advanced by him.

3. That at most the defendant had a right of redemption, or a right under the contract, to a conveyance on complying with the terms of the agreement for a repurchase and resale.

4. That the agreement to pay, and to receive, $150 over and above the actual amount of the mortgage and the money advanced, did not necessarily make the transaction usurious.

5. That considering that the plaintiff had the legal title to the premises, it was erroneous for the referee to dismiss the complaint.

6. That *time* not being of the essence of the contract, the defendant might be relieved from the default in not making payment according to the terms of said contract.

7. That the court, under section 330 of the Code, had the right to reverse, affirm or modify the judgment, as it might deem proper, and render such judgment as the referee ought to have rendered upon the clear, undisputed facts of the case.

8. That upon the finding of the referee that the plaintiff's title was in the nature of a mortgage, or conditional deed, for money loaned, he should have allowed the defendants (D. and wife) to redeem such mortgage, according to their prayer for alternative relief, and rendered judgment accordingly.

THIS action was brought to recover the possession of real estate on Staten Island. The plaintiff claimed title under a deed from one Henry A. D. Freeman. Freeman derived title from one Arnold H. Wagner, who was purchaser at a foreclosure sale, in an action in which the defendants in this action were defendants. The defendants, by their answer, alleged in substance : 1. That the deed to the plaintiff was in fact intended as security for a loan made to the defendant Margaret M. Darrin, by the plaintiff, under a usurious agreement ; and, 2. That the defendant Margaret had paid off a prior outstanding mortgage on the premises, amounting to $1050, and claimed judgment for the dismissal of the complaint, and also for affirmative relief, that the deed to the plaintiff be declared a mortgage, and adjudged void for usury ; or that the defendant Margaret be allowed to redeem, or that she

be subrogated to the rights of the holder of the $1050 mortgage paid by her.

The plaintiff, by his reply, denied that the deed was intended as a security, and denied the alleged usury. The reply also denied knowledge or information sufficient to form a belief as to the payment of the $1050 by the defendant Margaret, and alleged that no such payment had been made by his request or authority. The action was referred to Augustus Ford, Esq., before whom it was tried, and who reported in favor of the defendants.

The following facts were proved upon the trial: In June, 1867, the legal title to the premises was in Henry A. D. Freeman, to whom Wagner conveyed, in August, 1866, although he had signed and acknowledged a paper purporting to be a deed, dated October 9, 1866, with the name of the grantee in blank, which he had delivered to Henry A. Darrin, as Darrin testified, "for his wife." The premises at this time were subject to a mortgage for $3200, given by Freeman to Wagner, and by Wagner assigned to the plaintiff. Mortgage dated August 20, 1866. Assignment dated September 24, 1866. At this time (June, 1867) the defendant Henry A. Darrin applied to the plaintiff for a loan of $1500, offering $150 for the use of it three or four months; the plaintiff says he refused this proposition; Darrin says the "question of usury was raised." It was finally arranged that the plaintiff should buy the property, and should agree with Mrs. Darrin to sell it to her in case she should pay within three months. Accordingly, the plaintiff's name was inserted in the blank, as grantee. Freeman re-acknowledged the deed, and also made an affidavit as to his title, &c. The deed, thus executed, was delivered to the plaintiff, who gave a check for $1500, payable to Freeman's order, which check was indorsed by Freeman; and the same day an agreement was executed by the plaintiff and Mrs. Darrin, by which he agreed to sell, and she agreed to buy, the

property for the price of $5650; $1650 in cash on the 24th day of October, 1867, and $3200 by bond and mortgage, payable August 20, 1868. This agreement contained a clause by which it was agreed that if Mrs. Darrin should fail to comply with the terms of sale, on the 24th of October, 1867, "then this agreement shall be null and void."

The referee found that the loan of $1500, the insertion of the plaintiff's name in the Freeman deed, and its delivery to him, and the contract of sale to Mrs. Darrin, were "parts of, and, taken together, constituted one transaction;" and that the deed under which the plaintiff claims title is "a security in the nature of a mortgage or conditional deed for money loaned." He found (as claimed by the appellants) both issues, as questions of fact, in favor of the defendants, but directed judgment only that the complaint be dismissed. The defendants moved, at special term, to correct the judgment, so as to give the relief claimed in the answer. The motion was denied, and the defendants appealed.

*M. Hale,* for the appellants.

I. The referee erred in finding that the deed from Freeman to the plaintiff was a security in the nature of a mortgage for money loaned. The circumstances of the case all show that it was not so intended; but that the transaction was a purchase by the plaintiff from Freeman, and a conditional sale by the plaintiff to Mrs. Darrin. (*Saxton* v. *Hitchcock,* 47 *Barb.* 220. *Baker* v. *Thrasher,* 4 *Denio,* 493. *Brown* v. *Dewey,* 2 *Barb.* 29. *Glover* v. *Payn,* 19 *Wend.* 518. *Flagg* v. *Mann,* 14 *Pick.* 467. *Conway's Ex'rs* v. *Alexander,* 7 *Cranch,* 218, 236, 237. *Reading* v. *Weston,* 7 *Conn.* 143. *Robinson* v. *Cropsey,* 2 *Edw.* 138.) 1. Freeman was the sole owner of the premises at the time of the negotiation. (*a.*) His evidence, that he had no real interest in the property, that he never gave or paid anything for the house and lot, was impropely received, and cannot be considered,

in opposition to the language of the deed. (1 *R. S.* 728, § 51.) It was, moreover, untrue in fact. Freeman had given his bond and mortgage to Wagner for $3200 for the house and lot, which had brought, at public sale, only $2400, on the 1st of August, 1866. (*b.*) Besides, the defendants were estopped from denying that Freeman was the owner of the premises. Darrin, acting, as he says, as agent for his wife, had procured Freeman to swear to affidavits stating his ownership, upon the faith of which the plaintiff had dealt with him. (*c.*) The deed, with the name of the grantee in blank, in Mrs. Darrin's hands, conveyed no title. It was a nullity until completed, by inserting the plaintiff's name as grantee, by the consent of the grantor. (*Chauncey* v. *Arnold*, 24 *N. Y.* 330. *Hibblewhite* v. *McMorine*, 6 *M. & W.* 200. *Hudson* v. *Revett*, 5 *Bing.* 372.) 2. The intention of the parties was to effect a sale and purchase, not a loan. (*a.*) Such was the clear, legal import of the transaction, upon the face of the papers. The plaintiff received an absolute deed from Freeman, and paid Freeman the consideration; and the agreement with Mrs. Darrin was one of sale and purchase. (*b.*) Darrin applied to the plaintiff for a loan, but he refused it. Darrin urged the plaintiff to loan him money at usurious rates, recommending himself as "too honest a man to plead usury." But the plaintiff still refused. Darrin then had a paper drawn, in which it was expressly provided that the plaintiff should loan money and take a deed of the premises as security, and Darrin himself swears that this paper was rejected by Wood, the plaintiff's lawyer, because " a deed given as security for money was only a mortgage." Every proposition for a loan, or for any agreement looking to a loan, was rejected by the plaintiff. And, finally, the plaintiff reluctantly consented to buy the property, giving Mrs. Darrin a right to purchase, on or before the 24th day of October, 1867, on certain specified terms and conditions. No act or decla-

ration, on the part of either party, subsequent to the completion of this arrangement, evinced any design to treat the transaction as anything else than what it purported to be, viz., a sale and purchase. 3. No debt existed in favor of the plaintiff against Mrs. Darrin, or indeed against any one, after the delivery to him of Freeman's deed. (*a.*) The mortgage upon the premises, made by Freeman, and assigned to the plaintiff by Wagner, of course became merged, upon the plaintiff's acquiring the legal title. (*b.*) Mrs. Darrin incurred no personal obligation to purchase the property, under the agreement. By complying with the conditions she could compel the plaintiff to convey; but if she failed to perform, the agreement was to be null and void. She had a refusal of the property, but the plaintiff could not, under the agreement, compel her to pay a dollar. 4. The consideration of the plaintiff's purchase was not inadequate.

| | |
|---|---:|
| He gave his check for . . . . . . . | $1500 00 |
| His prior mortgage, merged by the deed, was | 3200 00 |
| And there was still a prior mortgage of . | 800 00 |
| Making . . . . . . . . . . . | $5500 00 |

—besides the interest due on the mortgages, which would propably make up the consideration stated in the deed, $5650. These same premises sold at public sale for $2400 in August, 1866. Phelps thought them worth $7500 when he testified in March, 1869. The referee finds that they were worth $8000 at the time of the commencement of this action, and since. But there is no evidence of the value at the time of the purchase, except Darrin's extravagant estimate, and the public sale in August, 1866. Estimated value can seldom be obtained for property. The price brought at public sale is much better evidence of the real value. There is certainly here no such inadequacy of price as, in the language of Lord Eldon, (9 *Ves.* 234,) " shocks the conscience and amounts in itself to de-

cisive evidence of fraud." (*See Osgood* v. *Franklin,* 2 *John, Ch.* 23.) If the property had depreciated in value, from destruction of the buildings, or other cause, the plaintiff must have borne the loss, and would have had no remedy over. 5. The authorities are conclusive in favor of the plaintiff upon this point. (*See Flagg* v. *Mann,* 14 *Pick.* 467; *Conway's Ex'rs* v. *Alexander,* 7 *Cranch,* 218.) The test of the distinction is this: If the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage, but if the debt be extinguished by the agreement of the parties, or the money advanced is not by way of loan, and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitle himself to a re-conveyance, it is a conditional sale. (4 *Kent's Com.* 144, *a.*) The other authorities above cited are equally decisive in favor of the plaintiff's views of the legal effect of the transaction.

II. The legal title to the premises being in the plaintiff, when this action was brought, and the defendants' possession being under Mrs. Darrin's contract of purchase, and she being in default, the plaintiff was entitled to judgment. 1. Time in this case was expressly made the essence of the contract, and in such cases equity will not relieve where the party fails to comply by the stipulated time. (*Wells* v. *Smith,* 7 *Paige,* 22; *affirming S. C.* 2 *Edw.* 78. *Dominick* v. *Michael,* 4 *Sandf.* 374.) 2. And ejectment may be brought by a vendor of land against a vendee in possession, where the vendee is in default. (*Wright* v. *Moore,* 21 *Wend.* 230. *Dolittle* v. *Eddy,* 7 *Barb.* 74. *Hotaling* v. *Hotaling,* 47 *id.* 163. *Pierce* v. *Tuttle,* 53 *id.* 155.)

III. No usury is proved. 1. The evidence as to the purchase and assignment to the plaintiff of the $3200 mortgage in 1866, was improperly received. It was a transaction entirely independent and distinct from that under which the plaintiff claims title. But there was no usury in it. Wagner, who bought the premises at the

foreclosure sale, conveyed to Freeman, and took back the mortgage for the purchase money. This was a good and valid mortgage in his hands, and the plaintiff had a right to buy it at less than its face. (*See Crane* v. *Price*, 35 *N. Y.* 494.) 2. The transaction in 1867, being a purchase and agreement for sale, and not a loan, there could be no usury in it. 3. And if there was any usurious agreement, it was between the plaintiff and Freeman, and Freeman only could avoid it. The defendants have no legal privity with Freeman. (*Billington* v. *Wagoner*, 33 *N. Y.* 31. *Williams* v. *Tilt*, 36 *id.* 319, 326. *Chamberlain* v. *Dempsey*, *Id.* 144, 148, 149. *Ohio and Miss. R. R. Co.* v. *Kasson*, 37 *id.* 218, 224.) 4. The agreement with Mrs. Darrin was not usurious, because there was no provision by which the plaintiff was to be repaid at all events. In case the premises had depreciated in value, so as to be worth less than the amount paid by him, he must still have taken the land, and could have collected no deficiency of Mrs. Darrin. She had her option, either to pay the amount stipulated, on or before the 24th of October, and take a deed from the plaintiff, or to give up the premises. Where the principal is *bona fide* put at hazard, it is no loan, and no usury to take more than legal interest. (*Pomeroy* v. *Ainsworth*, 22 *Barb.* 118. *Hall* v. *Daggett*, 6 *Cowen*, 653. *Quackenbush* v. *Leonard*, 9 *Paige*, 339.)

IV. The defendants have no equities. On the contrary, the case discloses a deliberate and avowed attempt, on the part of Darrin, to entrap and defraud the plaintiff by the grossest falsehood and knavery. There is not the slightest evidence of anything like oppression or fraud on the part of the plaintiff; no reason or excuse is shown for Mrs. Darrin not performing her contract. There is no pretense of any tender or offer on her part to repay the amount actually paid by the plaintiff to Freeman. The plaintiff offered, July 1, 1867, to extend the time for payment to May 1, 1870; but no notice seems to have been taken of

this. Everything on the plaintiff's part was fair and liberal; everything on the defendant's part, dishonest and fraudulent. Although, in doubtful cases, courts of equity have been inclined to construe contracts as mortgages, rather than as conditional sales, this has been done only to promote equity by favoring the right of redemption; and, as is well said in *Brown* v. *Dewey*, (2 *Barb*. 32,) "where the aid of the court is sought, not to establish a right of redemption, but to have a coveyance declared a mortgage, for the purpose of avoiding it on the ground of usury, the reason of the rule fails. It is the right of re- · demption in favor of which the court leans in doubtful cases, and not the right to have the security avoided on the ground of usury. * * Before a party is to be visited with such a penalty, he is entitled to have it establised by clear and affirmative proof that he intended to make such a contract."

V. The defendants had no equities, and the plaintiff was entitled to a judgment for possession of the premises. But if it were otherwise, and the defendant Mrs. Darrin had any right remaining under the contract, the relief to be given to her should be upon terms. Asking equitable relief, she should be compelled to do equity, which would involve payment of the price stipulated by the contract, and interest and costs.

*S. E. Church,* for the respondents.

I. The simple questions presented by the pleadings in this action, were, 1. Whether the instrument under which the plaintiff claimed title, though a deed in form, was in fact but a mortgage, given to secure a loan of money; and, 2d. Whether, as a mortgage, it was void for usury. Either of these issues found for the defendants, would defeat the action; for, if it was but a mortgage, ejectment would not lie; and if it was usurious, it was void for any purpose. (*See below;* 3 *R. S.* 73, § 5; 2 *N. Y.* 312, § 57.) The ref-

eree found both issues for the defendants, and dismissed the complaint. In these findings he was sustained by the most abundant evidence; they were wholly questions of fact, and if the evidence had been much less conclusive than it is, the findings would not now be disturbed. (*Woodruff* v. *McGrath,* 32 *N. Y.* 255. 28 *id.* 446. *Conklin* v. *Thompson,* 29 *Barb.* 218. 33 *id.* 347. 43 *id.* 40. *Murphy* v. *Boker,* 3 *Rob.* 1. 10 *Bosw.* 198.) 1st. The referee finds distinctly that the deed and defeasance paper, and the loan of $1500, "constituted one transaction, and that the deed under which the plaintiff claims title and possession, is a security in the nature of a mortgage for money loaned." This makes it certain that ejectment cannot be founded upon it. (2 *R. S.* 312, § 57. *Sahler* v. *Signer,* 37 *Barb.* 329. 42 *id.* 390. 48 *id.* 109. *Stewart* v. *Hutchins,* 6 *Hill,* 143. 13 *Wend.* 485. 2d. The referee further finds that the amount of the loan was $1500; the date, June 24; the time, four months; and that the amount agreed to be paid as interest was $150. This renders it palpably usurious. It was void for any purpose. (3 *R. S. p.* 73, §§ 2, 5, *5th ed.*) 3d. The legal conclusion was therefore right; the complaint should be dismissed. But the defendants now claim that this was not enough. The defendants had demanded affirmative relief, that the mortgage should be adjudged void for usury, and be delivered up and canceled. They were entitled to this. It was a cloud upon their title; it prevented a second litigation of the same matter. (*Williams* v. *Ayrault,* 31 *Barb.* 364. 38 *id.* 523. 16 *N. Y.* 519. 14 *id.* 9. *Beach* v. *Cooke,* 28 *id.* 508.)

II. The plaintiff took various exceptions to the admission of evidence on the part of the defendants, during the progress of the trial. It will be seen that all these exceptions related to evidence which bore directly upon the *res gestæ* of this transaction, and which was therefore admissible. 1. It is always competent to show by parol that a deed absolute on its face, was intended as a mortgage.

Fiedler *v.* Darrin.

(2 *R. S.* 756, §. 3. *Swart* v. *Service*, 21 *Wend.* 36. 9 *id.* 227. 31 *N. Y.* 399. *Saxton* v. *Hitchcock*, 47 *Barb.* 220. 2 *id.* 28. 42 *id.* 390. *Tibbs* v. *Morris*, 44 *id.* 138. 53 *id.* 138. And the case is open to the broadest inquiry, into the whole transaction, to show the real intention. (*Per Bronson, J., in Webb* v. *Rice*, 1 *Hill*, 606.) 2. And it was competent to show by parol, that though the title was nominally in Freeman, the real interest was in the defendant Margaret Darrin. (*McBurney* v. *Wellman*, 42 *Barb.* 390.) 3. A trust in respect to real estate, may also be established by parol. (*Swinburne* v. *Swinburne*, 28 *N. Y.* 568.) 4. And if the mortgage was usurious, the defendants were the proper parties to set it up, as they were the parties to the instrument, and they are directly affected by it. (*Chamberlain* v. *Dempsey*, 36 *N. Y.* 144.) To these several points, viz., that the transaction was a loan; that it was usurious; that the real parties were plaintiff and defendants, went all the testimony, to which exceptions are taken. The exceptions are wholly unfounded. If there was any other evidence objected to, it was harmless, and did not injure the plaintiff. (*Rundle* v. *Allison*, 34 *N. Y.* 180. *Bronson* v. *Tuthill*, 3 *Keyes*, 32.) All the plaintiff's exceptions to this report, are exceptions to the referee's findings of fact. These findings are abundantly sustained by the evidence—nay, are compelled by the evidence. It was not only a plain case of a deed taken to secure a loan of money, but the loan was grossly usurious—a usury of the most biting kind—being upwards of thirty per cent of the amount loaned. The judgment should be corrected so as to adjudge the usury and declare void the deed as a mortgage, and then affirmed. (*O'Shea* v. *Kirker*, 8 *Abb.* 69. *Beach* v. *Cooke*, 28 *N. Y.* 508. 38 *id.* 383.)

*By the Court,* E. DARWIN SMITH, J. Upon the facts found by the referee it is quite clear that at the time of the conveyance by Freeman to the plaintiff, of the premises in

question, the title to the said premises was in the said Henry A. D. Freeman. He held the same in trust to convey them to the defendant Margaret Darrin upon request. The deed which he executed and delivered upon her request to the plaintiff was in fulfillment of this trust. But the plaintiff, upon the execution and delivery of such deed, acquired new rights. He took the legal title as upon a purchase for $1500 in cash, paid in hand, and the amount of the bond and mortgage given by Freeman to Wagner, on the purchase of said premises from him, for the sum of $3200, and subject also to another mortgage of $800, then outstanding, making the premises cost the plaintiff, in this view, the sum of $5500. This mortgage of $3200 was doubtless merged in the plaintiff's legal title, and such was, I think, clearly the intention of the parties, or there was no intention to keep it alive not merged. (*See Bascom* v. *Smith*, 34 *N. Y.* 320.) For the contract which the plaintiff gave the defendant Margaret Darrin, for a resale of the premises, was for the price or sum of $5650 in one entire sum, which must have included said mortgage as part of the purchase money. The form of the transaction between these parties coincides with what the plaintiff and his attorney, Wood, testify was the real transaction—a purchase of the premises at the price aforesaid, of $5500, with an agreement to resell the same at a future period at an advanced price of $5650. This would not be usurious or illegal. (*Glover* v. *Payn*, 19 *Wend.* 518.) For the money actually advanced at the time, the defendant Margaret Darrin incurred no debt or liability. No money was loaned or paid to her. The $1500 was in fact paid by check to Freeman, who held the title. If Mrs. Darrin had then held the legal title, and had conveyed the premises as a mere security for the $1500, with an agreement on the part of the plaintiff to reconvey on the payment of $1650, the deed would doubtless have been a mere mortgage, and would clearly have been usurious, and the referee might

have so adjudged, and set aside the mortgage as an invalid incumbrance upon the land. This would have left the legal title in her, and she would have needed no conveyance of such title. But that is not this case. Mrs. Darrin had not the legal title. She could only get such legal title by a conveyance from the plaintiff. The referee held that the plaintiff was a mortgagee, and therefore could not maintain ejectment, and in this I think he erred. The plaintiff was something more than a mere mortgagee. He was a trustee, at least, of the title, substituted in the place of Freeman, with the rights of a purchaser to the extent of his mortgage of $3200, and the $1500 advanced by him. At most, the defendant had a right of redemption, or a right, under the contract, to a conveyance, on complying with the terms of the agreement for repurchase and resale. The agreement to pay and to receive $150 over and above the actual amount of the mortgage and the money advanced, did not necessarily make the transaction usurious. In *Brown* v. *Lynch*, (1 *Paige*, 158,) Brown advanced $1500, and took the title to the plaintiff's land, and was to have his principal and interest, and $60 for his trouble. It was not considered that this was usurious or objectionable. In *Ryan* v. *Dox*, (34 *N. Y.* 307,) Dox took the title and advanced his own money, for which he was to receive interest, and also a compensation for his trouble. This was not disallowed as usurious, or regarded as objectionable. The agreement for the resale in this case gave the defendants from June 24, 1867, till the 24th of October following, to pay $1650, when they were to give him a bond and mortgage for the balance of the purchase money, $3200, payable on the 20th of August, 1868, and the plaintiff was at the same time to execute and deliver the deed of said premises, subject to the $800 mortgage above mentioned. Considering, as I think we must, that the plaintiff had the legal title to the premises, it was error on the part of the referee to dismiss the complaint. If he had

Fiedler *v.* Darrin.

found that, so far as related to the $1500 advanced by the plaintiff, the plaintiff's claim was that of a mortgagee, and that such claim was void for usury, it would not have followed that the proper judgment was to dismiss the complaint. As he did not so find, it is not the duty of this court, as a court of equity, if it has the right to do so on appeal, to draw such conclusions, and enforce a forfeiture of such sum upon that ground. It seems to me that it is rather our duty, upon the facts found and undisputed, to render such judgment as the referee should have rendered, upon the whole case. The defendants set up the facts tending to establish an equitable defense, and also asked, upon the same facts, for affirmative equitable relief. In the fourth answer, or counter-claim, the defendants ask that if said deed from Freeman to the plaintiff shall not be deemed and declared null and void, the same may be adjudged and declared to be only a lien upon said premises, by way of a mortgage, and so held by the plaintiff as security for the moneys loaned, as in said agreement mentioned, and that the defendant Margaret M. Darrin have the right to redeem the same, or to the enforcement of the said agreement to reconvey, upon the payment of the moneys in said contract mentioned, and that the said dedefendant is the equitable owner of the premises, subject to such payment, and for affirmative relief. *Time* was not of the essence of the contract, in the agreement between the parties, and I think the defendant may be relieved from the default in not making payment according to the terms of said contract. It is quite clear, I think, that this court, under section 330 of the Code, has the right to reverse or affirm, or modify this judgment, as it may deem proper, and render such judgment as the referee ought to have rendered upon the clear, undisputed facts of the case. (*Howard* v. *Freeman*, 3 *Abb. N. S.* 292. *O'Shea* v. *Kirker*, 8 *id.* 69. *S. C.*, 4 *Bosw.* 120. *Hannay* v. *Pell*, 4 *E. D. Smith*, 432.) Upon the finding of the referee, that the plaintiff's

title was in the nature of a mortgage or conditional deed for money loaned, I think he should have allowed the defendants to redeem such mortgage according to their prayer for affirmative relief, and rendered judgment accordingly. The judgment should therefore, I think, be reversed, so far as it dismisses the complaint and gives costs to the defendants, and judgment be given that the defendant Margaret Darrin have leave to redeem said premises, or have a conveyance of the same on her compliance with the terms of the written agreement for the resale of said premises set out in the pleadings, which the plaintiff should specifically perform if the defendant shall, within four months from the time of the service of a copy of the decree or judgment herein directed, perform and fulfill the same on her part, by the payment of the principal sum and interest due the plaintiff by the terms of said agreement, with the costs of this action ; and in default of such payment, that the plaintiff recover said premises, and be let into possession thereof, and recover the costs of this action.

· Judgment so ordered.

[SECOND DEPARTMENT, GENERAL TERM, at Poughkeepsie, June 14, 1870. *J. F. Barnard,* P J., and *Daniels* and *E. D. Smith,* Justices.]